IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANXAY XAYADETH,

      Petitioner,

v.

DEWAYNE HENDRIX,

      Respondent.

Case No. 3:20-cv-01766-SI

OPINION AND ORDER

Sanxay Xayadeth
Reg. No. 00538-461
FCI Sheridan
P.O. Box 5000
Sheridan, Oregon 97378

    Attorney for Petitioner

Scott Erik Asphaug
Acting United States Attorney
Alison Milne, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the legality of an immigration detainer that resulted in his exclusion from the Residential Drug Abuse Program ("RDAP") at FCI-Sheridan. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed.

## BACKGROUND

On March 21, 2016, the Western District of Washington sentenced Petitioner to 94 months in prison following his conviction for Possession of a Stolen Firearm. While at FCI-Sheridan, U.S. Immigration and Customs Enforcement ("ICE") lodged a detainer against him. Declaration of Stacey Morales (#12), ¶ 9. Based upon this detainer, on November 4, 2019, the Bureau of Prisons ("BOP") found Petitioner ineligible for participation in RDAP, leaving him unable to avail himself of RDAP's early release benefit.[1] *Id* at ¶ 10.

On October 13, 2020, Petitioner filed this 28 U.S.C. § 2241 habeas corpus case in which he alleges that his immigration detainer is invalid "because there is no deportation with Laos"

---

[1] "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *See* 18 U.S.C. § 3621(e)(2)(B).

such that he is not actually deportable. Petition (#1), p. 1. He asks the Court to remove the detainer and recommend him for participation in RDAP. Respondent asks the Court to dismiss the Petition because Petitioner failed to exhaust his administrative remedies, and because he also fails to present a cognizable claim. Although Petitioner's supporting memorandum was due May 3, 2021, he has neither filed a brief nor has he communicated with the Court in any way since January 15, 2021.

## DISCUSSION

Petitioner does not appear to challenge the legality of the BOP's RDAP decision but, instead, challenges the legality of the ICE detainer which renders him ineligible for RDAP participation. A habeas corpus petitioner must be "in custody" at time of filing to avail himself of habeas remedy. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A detainer letter, by itself, is insufficient to qualify petitioner as "in custody." *See Campos v. Immigration and Naturalization Service*, 62 F.3d 311 (9th Cir. 1995); *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994), superseded by statute on other grounds, ("[T]he bare detainer letter alone does not sufficiently place an alien in [ICE] custody to make habeas corpus available."). In this

3 - OPINION AND ORDER

respect, Petitioner fails to satisfy the custody requirement associated with habeas corpus cases.[2]

If, however, Petitioner seeks to challenge only the BOP's decision to exclude him from RDAP, he is not entitled to habeas corpus relief for two reasons. First, he has not attempted to exhaust his administrative remedies. *See Singh v. Napolitano,* 649 F.3d 899, 900 (9th Cir. 2010) (per curiam) ("In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies."); *see also* Morales Declaration (#12), ¶ 18 ("Petitioner failed to initiate the administrative remedy process"). But even putting this procedural deficiency aside, Petitioner's RDAP claim would amount to a challenge to the BOP's individualized determination that his particular ICE detainer excludes him from RDAP participation. The Court lacks jurisdiction to review such individualized determinations.[3] *See Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011) (federal

---

[2] Even assuming Petitioner were under a final order of deportation such that he satisfied the custody requirement applicable to habeas corpus cases, *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995), jurisdiction would rest with the Ninth Circuit Court of Appeals, not the District Court. *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005).

[3] Although prisoners can challenge broader, systemic issues as violative of the Constitution or exceeding the BOP's statutory authority, *Reeb*, 636 F.3d at 1228, Petitioner makes no such challenge here. Even if he intends to assert that the BOP lacks the authority to exclude prisoners with immigration detainers from RDAP participation, such a claim would be foreclosed by *McLean v. Crabtree*, 173 F.3d 1176, 1184-86 (9th Cir. 1999).

4 - OPINION AND ORDER

courts lack jurisdiction to review the BOP's individualized RDAP determinations). For all of these reasons, habeas corpus relief is not warranted.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) dismissed. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

| May 26, 2021 | /s/ Michael H. Simon |
|---|---|
| DATE | Michael H. Simon |
| | United States District Judge |